UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

SHAWN MICHAEL BELL                                                PETITIONER

v.                                                    CIVIL ACTION NO. 5:14CV-P224-TBR

STATE OF INDIANA *et al.*                                      RESPONDENTS

**MEMORANDUM OPINION**

      Petitioner Shawn Michael Bell filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Memorandum and Order entered January 13, 2015, which the Court incorporates by reference, the Court conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (DN 4). Upon review, the Court concluded that the petition was time-barred under the applicable one-year statute of limitations, 28 U.S.C. § 2244(d), and that Bell did not present circumstances appropriate for equitable tolling. *Id.* The Court, therefore, provided Bell with 30 days within which to show cause why this action should not be dismissed as untimely.

      Bell has responded to the Court's Order directing him to show cause (DN 6). In his response, Bell argues that his § 2254 motion is timely because it was filed within 30 days of an order filed in the Ballard Circuit Court. Specifically, Bell states that "[t]he lower Kentucky Court issued an Order concerning the detainer and sentence in question on November 24, 2014. The limitation therefore began Running December 24, 2014, and Petitioner filed his petition on December 7, 2014." Bell attached a copy of the November 24, 2014, order to his response (DN 6-1). A review of this order reveals that Bell sent a letter to the Ballard Circuit Court asking for that court's detainer to be released. The Ballard Circuit Court found the following: (1) that Bell was placed on probation on November 25, 2009; (2) that, based on allegations that Bell

violated his probation, the court issued a bench warrant for Bell's arrest on July 18, 2014, during his probation period; and (3) that Bell had not yet been brought back to Kentucky for adjudication of the alleged probation violations. The Ballard Circuit Court therefore ordered that Bell's probation warrant would stand and the detainer would not be removed.

In his § 2254 motion, Bell argues that he was sentenced twice for the same offense, once in Kentucky and once in Indiana, in violation of the Fifth Amendment. The relief he seeks is for this Court to stay his sentence and to "[r]elease any holds & detainers." Based on the constitutional argument Bell raises, the relief he seeks, and his response to the Court's show cause Order, it appears that Bell is challenging both his original Ballard Circuit Court conviction and the Ballard Circuit Court detainer.

Since Bell is challenging both his original conviction and the detainer regarding revocation of his probation, the Court must look at each statute of limitations separately. *See Williams v. Smith*, No. 3:11CV578-HEH, 2012 WL 3985609, at *2 (E.D. Va. Sept. 11, 2012) ("Where a petitioner challenges both his original conviction and a probation revocation related to that conviction in the same 28 U.S.C. § 2254 petition, it is appropriate for the Court to separate the claims relating to the original conviction from the claims relating to the probation revocation."); *Williams v. Vasbinder*, No. 05-73471-DT, 2006 WL 2123908, at *2 (E.D. Mich. July 27, 2006) ("Because petitioner is challenging two separate judgments by challenging both his underlying conviction and his subsequent probation revocation in a single habeas petition, the one year limitations period would begin to run for each of these separate judgments at different times.").

## I. Ballard Circuit Court Conviction

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

According to the § 2254 petition, Bell pled guilty in Ballard Circuit Court to theft by unlawful taking over $300.00 (No. 09-CR-00010). He states that he pled guilty on March 20, 2009, and was sentenced on July 28, 2009, to "3 year[s]." Bell states that he filed no direct appeal. As grounds upon which Bell challenges his conviction, he states that he "was arrested, Prosecuted, and sentenced twice for the same offense. Once in State of Tennessee, county of Davidson complaint # 2008-884366 warrant # GS415739. Then a second time in state of Kentucky, county of Ballard Case No. 09-CR-00010."

Presuming the judgment was entered on the date he was sentenced, July 28, 2009, because he did not file a direct appeal, Bell's conviction became final on August 27, 2009, at the expiration of the thirty-day period during which he could have filed a direct appeal. *See* Ky. R. Crim. P. 12.04(3) ("The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken . . . ."); *Wilberger v. Carter*, 35 F. App'x 111, 114 (6th Cir. 2002) ("For purposes of federal habeas review, a state-court judgment becomes final when direct review by the state court ends or when the time to seek direct review expires, whichever comes later."). The limitations period, therefore, began running on August 27, 2009, and expired one year later on August 27, 2010. Bell filed the present § 2254 petition on December 7, 2014, well outside the limitations period.

It appears that Bell may be arguing that equitable tolling is appropriate for two reasons. First, Bell argues that the statute of limitations began running on November 24, 2014, the date on which the Ballard Circuit Court issued its order that the probation warrant would stand and the detainer would not be removed. However, the filing of a state post-conviction motion does not restart the one-year limitations period. *See Thompson v. Chandler*, 55 F. App'x 758, 759 (6th Cir. 2003) ("Thompson now argues that the AEDPA's one-year limitations period is inconsistent with the three-year period within which Kentucky prisoners may file a post-conviction action under Rule 11.42. This argument is unavailing because the AEDPA's limitations period is tolled only while a properly filed state post-conviction action is actually pending."); *see also Osborne v. Hill*, No. Civ. 05-405-HA, 2006 WL 573913, at *1 (D. Or. Mar. 8, 2006) ("AEDPA's one-year statute of limitations applies even if there is a longer state statute of limitations and 'does not permit the reinitiation of the limitations period that has ended before the state petition was filed.'") (quoting *Ferguson v. Palmateer*, 321 F.3d 820, 823

4

(9th Cir. 2003)); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

      Second, Bell argues that equitable tolling is appropriate because he lacked a law library and legal materials and was unaware "of State Courts having <u>Federal</u> Jurisdiction." "[T]his court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (citing *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Further, Bell's alleged lack of access to legal materials and resources is also not a basis for equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (finding petitioner was not entitled to equitable tolling for the period of time he was in administrative segregation and allegedly had limited access to the law library and noting that petitioner's limited access allegation was undermined by the fact that during this same period petitioner filed motions in state court); *Watson v. Smith*, 268 F. App'x 86, 87 (2d Cir. 2008) (holding equitable tolling unwarranted where petitioner alleged lack of access to state legal materials, but failed to "demonstrate a causal relationship between the alleged circumstances and the lateness of his filing"); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (finding equitable tolling not warranted where petitioner alleged that he was denied access to the law library and his legal records, but failed to show "how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding"); *Campbell v. Roberts*, 143 F. App'x 110, 113 (10th Cir. 2005) (finding that petitioner's allegation of inadequate access to legal materials was insufficient to account for the approximately five-year delay in filing his petition);

*United States v. Cherry*, No. 04-90040, 2010 WL 3958679, at *2 (E.D. Mich. Oct. 8, 2010) ("A review of decisions addressing whether lack of access to personal legal materials and a prison law library is an extraordinary circumstance sufficient for equitable tolling in the context of habeas proceedings undermines [petitioner's] position" that his lack of access to legal materials supports equitable tolling.); *Jones v. Gundy*, 100 F. Supp. 2d 485 (W.D. Mich. June 8, 2000) (finding that petitioner's broad claim of lack of access to legal materials and lack of knowledge of the limitation period of the AEDPA did not justify equitable tolling).  "The alleged denial of access to legal materials is not an exceptional circumstance warranting equitable tolling." *Horton v. Warden, Ross Corr. Inst.*, No. 2:07-CV-525, 2008 WL 687136, at *3 (S.D. Ohio Mar. 11, 2008) (citation omitted).  Bell has not shown that equitable tolling is warranted.

Accordingly, Bell's § 2254 challenge to his original conviction is time-barred.

## II.  Ballard Circuit Court Detainer

As previously stated, Bell appears to be seeking habeas relief not for just his original conviction, but also for the Ballard Circuit Court detainer.  "*Habeas corpus* relief is available only if the applicant first exhausts remedies available in state court."  *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) (citing 28 U.S.C. § 2254(b)(1)(A)).  It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies.  *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995) (per curiam); *see also Esposito v. Mintz*, 726 F.2d 371, 373 (7th Cir. 1984) ("We hold that a habeas corpus petition challenging only the validity of a state detainer must be brought pursuant to 28 U.S.C. § 2254 and that the petitioner must show that he has exhausted available state remedies before applying to a Federal district court for relief.").  Any alleged constitutional deprivations must be asserted through the state appellate process.  *O'Sullivan v. Boerckel*,

526 U.S. 838, 843-45 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.

The Ballard Circuit Court order finding that the warrant will stand and the detainer will not be removed was entered on November 24, 2014, just 13 days prior to Bell filing the present § 2254 petition. Other than writing a letter to the Ballard Circuit Court regarding the detainer which resulted in this order, there is no indication that Bell pursued his constitutional challenges any further in the state courts. Additionally, only 13 days passed after the entry of the order regarding the detainer and Bell filing his § 2254 petition; this short length of time was certainly insufficient for Bell to have given the state court one full opportunity to resolve his constitutional issues. Bell has not exhausted any state judicial remedies available to him.

### III. Conclusion

The Court, therefore, concludes that Bell's § 2254 petition challenging his original Ballard Circuit Court conviction was not filed within the one-year statute of limitations under § 2244(d) and that Bell did not identify circumstances appropriate for equitable tolling. The Court further concludes that Bell failed to exhaust his state court remedies as to the Ballard Circuit Court detainer. Accordingly, the Court will deny the § 2254 petition and dismiss this action.

## IV.  Certificate of Appealability

Before Bell may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484.  If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal.  *Id*.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  In such a case, no appeal is warranted.  *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its rulings to be debatable.  A certificate of appealability must, therefore, be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Petitioner, *pro se*
        Respondents
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.003